■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN R. SANTIAGO, Appellant.—Judgment unanimously reversed on the law, defendant's motion to suppress granted and indictment dismissed. Memorandum: Defendant appeals from a judgment of conviction for attempted criminal possession of a controlled substance in the fourth degree, entered upon his guilty plea, following denial of his motion to suppress. The hearing testimony established that the police stopped a taxi for speeding. Defendant and a companion were passengers in the rear seat. The police first questioned the driver outside of his taxicab. The driver told the police that he had picked up his passengers at the Buffalo Airport, that they were "acting funny" and that he thought they would not pay their fare. While questioning the driver, the police observed defendant and his companion "moving around a lot" in the rear of the taxi. The officer shone his flashlight in the rear of the taxi and saw only hands and feet. The police then ordered defendant's companion out of the taxi, questioned him and shortly thereafter ordered defendant to step out of the taxi. The police told

defendant to keep his hands away from his jacket pockets and to unzip his jacket. The police saw nothing in the area of defendant's belt or his waist, but squeezed the right-hand pocket of defendant's jacket to check for a weapon. The officer felt something soft, not hard or metallic. It was at this point that defendant fled the scene. During pursuit of defendant, the police saw defendant's jacket fall on the ground. Shortly thereafter, the police apprehended defendant, retrieved the jacket, unzipped the pockets and discovered glassine envelopes containing heroin. The hearing court denied defendant's motion to suppress, finding that the police had a reasonable basis to stop the taxi and, even if the police conduct following the stop was unconstitutional, the defendant abandoned his jacket during the chase.

Although the police may have had a reasonable basis to stop the driver for a speeding violation (see, People v Ingle, 36 NY2d 413), the police had no grounds to detain and frisk defendant because the police had no reasonable suspicion that defendant was involved in criminal activity (People v Harrison, 57 NY2d 470; People v De Bour, 40 NY2d 210; People v Cantor, 36 NY2d 106; People v Rivers, 129 AD2d 983). There is no credible evidence based on articulable facts that defendant did anything while in the taxi, or after he left it, to arouse reasonable suspicion that he had committed, was committing, or was about to commit a crime. In sum, defendant's behavior was at least as compatible with his innocence as with his guilt (see, People v Carrasquillo, 54 NY2d 248, 255; People v De Bour, supra, at 216; People v Allen, 109 AD2d 24, 32).

We disagree with the suppression court's finding that defendant abandoned his jacket when he threw it to the ground during the police chase following his initial detention. The testimony on this issue is equivocal and indicates only that the jacket either fell or was thrown from defendant's shoulders during the course of the police pursuit of him. Because probable cause to pursue defendant was lacking and the heroin was seized as a direct result of that pursuit, the heroin must be suppressed (People v Boodle, 47 NY2d 398, 404, cert denied 444 US 969; People v Torres, 115 AD2d 93, 98). Courts should conclude that an abandonment has occurred only in the clearest of cases (People v Torres, supra, at 99). The test to be applied is whether defendant's action was spontaneous and precipitated by the illegality or whether it was a calculated act not provoked by the unlawful police activity and thus attenuated from it (People v Wilkerson, 64 NY2d 749, 750; People v Boodle, supra). "Indicative of a spontaneous response

to unlawful police behavior are instinctual, rather than thought-out, reactions provoked by the coercive pressure of the illegal conduct. This coercion negates the ability to make a thoughtful decision involving the conscious assumption of a risk." *(People v Torres, supra,* at 99.) On this record, we conclude that defendant's act was a provoked and spontaneous response to unlawful police conduct, requiring suppression of the heroin. (Appeal from judgment of Erie County Court, Dillon, J.—attempted criminal possession of controlled substance, fourth degree.) Present—Callahan, J. P., Doerr, Denman, Green and Pine, JJ.