FOURTH DEPARTMENT, JULY, 1989

(July 12, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT HALL, Appellant.—Judgment affirmed. Memorandum: On January 13, 1983 at approximately 5:40 P.M., Rochester Police Officer James Thomas was driving his police vehicle in a northbound direction on South Plymouth Avenue when he observed defendant's green Nova parked in front of 757 South Plymouth Avenue. Defendant was seated in the front passenger seat. Officer Thomas testified that the location was a high-crime area frequented by narcotics dealers, that he recognized defendant as a suspected dealer and that he observed an unknown pedestrian approach the passenger side of the car and hand something to defendant. He further observed defendant hand something to the pedestrian, who then walked away. Officer Thomas continued along South Plymouth Avenue for about two city blocks when he saw Police Officers Campione and McGlynn seated in a parked unmarked police vehicle. He told them about his observations and that he suspected that defendant was involved in a drug transaction. The three officers returned to the place where defendant's car was parked. The officers got out of their cars and approached defendant's car. As they did, defendant jumped out of the parked car, threw a small object to the ground and ran. Officer Thomas pursued defendant and, ultimately, caught and arrested him. During the interval, Officer Campione recovered from the ground a bottle containing a controlled substance.

Defendant's motion to suppress the drugs was properly denied. The People contend that defendant abandoned the evidence and that since the abandonment was independent of any unlawful police conduct, suppression is not warranted. We agree.

The threshold issue to be resolved is whether the officers had justifiable basis for approaching the stopped vehicle to make inquiries of defendant (see, People v Bennett, 70 NY2d 891; People v Harrison, 57 NY2d 470). "The minimal intrusion of approaching to request information is permissible when there is some objective credible reason for that interference not necessarily indicative of criminality" (People v La Pene, 40 NY2d 210, 223). Here, the police had an objective credible reason to approach defendant and make inquiry, and their actions in attempting to do so were lawful (see, People v De Bour, 40 NY2d 210; People v Harrison, supra). Defendant's attempt to rid himself of the drugs was "an independent act

involving a calculated risk" *(People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969; *cf., People v Santiago,* 136 AD2d 942; *People v Torres,* 115 AD2d 93).

All concur, except Davis, J., who dissents, and votes to reverse, in the following memorandum.

Davis, J. (dissenting). I respectfully dissent. In my view, the court improperly denied defendant's motion to suppress the drugs. The conduct of the arresting officer in seizing defendant in this situation was not "reasonably related in scope to the circumstances which rendered its initiation permissible" *(People v De Bour,* 40 NY2d 210, 215). Here, there was no reasonable basis to conclude that defendant had committed, was committing, or was about to commit a crime.

"Probable cause exists if the facts and circumstances known to the arresting officer warrant a prudent man in believing that the offense has been committed" *(People v Oden,* 36 NY2d 382, 384) and that the person arrested is the perpetrator *(People v Carrasquillo,* 54 NY2d 248, 254). The existence of probable cause "must necessarily turn on the facts in each individual case" *(People v Green,* 35 NY2d 193, 195). The basis to establish the existence of probable cause must not only be reasonable, but it must appear to be at least more probable than not that a crime has taken place and that the one arrested is the perpetrator *(People v Carrasquillo, supra,* at 254; *see also, People v De Bour, supra; People v Parris,* 136 AD2d 882, 883, *lv dismissed* 71 NY2d 1031). Behavior which is susceptible of innocent as well as culpable interpretation will not constitute probable cause *(People v De Bour, supra,* at 216).

I disagree with the majority's conclusion (at 905-906) that defendant's attempt to rid himself of the drugs was an " 'independent act involving a calculated risk' " and that the defendant's act in discarding the seized evidence constituted an abandonment. The approach of the police officers, defendant's discarding of an unidentified object, defendant's flight from the scene and the police pursuit of him were interrelated and concomitant acts and thus defendant's action was spontaneous and provoked by the unlawful police activity *(cf., People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969; *see, People v Santiago,* 136 AD2d 942, 943; *People v Torres,* 115 AD2d 93, 99). Moreover, under the circumstances here, defendant clearly did not have "time enough to reflect and formulate a strategy for ridding himself of the incriminating evidence" *(People v Boodle, supra,* at 404). When defendant

commenced his flight from the scene, the police had no grounds to detain him because they lacked reasonable suspicion that he was involved in criminal activity *(People v De Bour, supra,* at 216), and they lacked probable cause to pursue him *(People v Santiago, supra,* at 943).

In forcibly seizing defendant, the arresting officer engaged in the highest level of inappropriate police intrusion without probable cause. The fact that defendant ran upon the approach of the officers and, while fleeing, discarded an object subsequently discovered to contain drugs did not provide the requisite probable cause because the drugs were found and identified after defendant's illegal arrest *(see, People v Howard,* 50 NY2d 583; *People v Santiago, supra,* at 943).

The incriminating evidence, which was obtained after defendant's arrest, was not the product of a source unrelated to his seizure, but was a direct result of that arrest; nor was the illegal conduct attenuated "by a significant intervening event which justified the conclusion that that evidence was not the product of that illegal activity (see *Wong Sun v United States,* 371 US 471, *supra)" (People v Rogers,* 52 NY2d 527, 533, *cert denied* 454 US 898; *People v Henley,* 53 NY2d 403; *People v Parris, supra,* at 883). It is significant that the arresting officer testified that at the time he arrested defendant, "I didn't have a specific charge at that point". If "[t]he police may not justify a stop by a subsequently acquired suspicion resulting from the stop" *(People v De Bour, supra,* at 215-216), clearly they may not validate an unlawful arrest by subsequently acquired evidence to support that arrest.

Because I conclude that the seizure of defendant was unlawful, the fruits of that unconstitutional seizure should be suppressed *(People v Cantor,* 36 NY2d 106, 114; *see, Wong Sun v United States, supra).* (Appeal from judgment of Monroe County Court, Wisner, J.—criminal possession of controlled substance, seventh degree.) Present—Dillon, P. J., Doerr, Boomer, Balio and Davis, JJ.