■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PABLO BALANCO, Respondent.—

Two officers were driving south on Ludlow Street in lower

Manhattan, in a marked police van, at about 1:00 A.M., when they saw the defendant-respondent standing in front of a restaurant in a known drug area.

When the defendant saw the van, he adjusted the waistband of his trousers, but was not pulling them up. The police pulled up next to defendant and one of the officers asked him what he was doing there. The defendant shook his head and replied "No habla English, no habla English". The officer repeated the question several times until defendant again said "No habla English" and threw his hands up. In the process, his jacket opened and the police officers saw the butt of a gun. One of them left the van, patted the defendant down and removed the gun which is the subject of the motion to suppress.

The hearing court found the police officer credible and forthright and accepted his testimony. However, the physical evidence was suppressed on the ground that there was "no objective credible reason" for questioning the defendant or a "reasonable suspicion that criminal activity was afoot."

As discussed in *People v La Pene* ([decided together with *People v De Bour]*, 40 NY2d 210, 223), "[t]he minimal intrusion of approaching to request information is permissible when there is some objective credible reason for that interference not necessarily indicative of criminality *(People v De Bour, supra)."* Where, as here, a police officer observed a person standing in a drug-prone area at 1:00 A.M. who, upon seeing a marked police van, adjusted the waistband of his trousers, the initial questioning of defendant met this standard. Thereafter, there can be no dispute that once the police saw the butt of a gun, the subsequent pat down and seizure were proper. Concur—Kupferman, J. P., Asch, Kassal, Ellerin and Wallach, JJ.