■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DON STEWART, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Lipp, J.), dated January 25, 1990, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence, and thereupon dismissed the indictment.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant fled when two police officers in plainclothes approached him for an investigatory inquiry. During the pursuit, the defendant dropped a gun to the ground and continued running. He was captured after a brief chase, and the gun was recovered.

We concur with the suppression court's determination that the evidence adduced at the hearing established that the police were not justified in pursuing the defendant. The facts which prompted the initial police inquiry, even when coupled with the defendant's flight, were insufficient to establish that the officers had a reasonable suspicion that the defendant had committed or was about to commit a crime *(see, People v Leung,* 68 NY2d 734; *People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023). Nevertheless, we find that the court erred in ruling that the gun was inadmissible at trial. The defendant's decision to discard the gun during the pursuit was not a spontaneous reaction to the police action, but was an independent act involving a calculated risk *(see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *People v Martin,* 140 AD2d 632; *People v Williams,* 137 AD2d 568).

We note that we have decided this case based on New York State decisional law and have not relied on *California v Hodari D.* (499 US — [Apr. 23, 1991]). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.