■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RIVERA, Appellant.—Judgment of the Supreme Court, New York County (Alfred H. Kleiman, J.), rendered December 4, 1989, convicting defendant, after trial by jury, of Criminal

Possession of a Controlled Substance in the Third Degree, and sentencing him as a predicate felon to a term of 4½ to 9 years, is unanimously affirmed.

Officer Michael Codella working on plainclothes, narcotics assignment, testified that he and a partner, Cea, were working in the Wald Houses when he observed defendant, at about 8:20 in the evening, who he had previously seen on twenty or thirty prior occasions, running with a male black toward the building at 920 East 6th Street. From about twenty feet away, he saw the defendant run into the building. The other man remained outside. When defendant came out of the building, he had a conversation with the other male in front of the building. The defendant reached into his pocket and pulled out "what appeared to be glassines." The other male gave defendant "an amount of money" and both started to walk off. When Officer Codella approached the two individuals, defendant began to run in one direction and the other male in the opposite direction. The officer chased defendant "down the length of East 5th Street" and observed him remove what looked like a "small white bundle" from his pocket, during the chase, and throw it toward a dumpster. After the officer caught the defendant, he walked him back and recovered the property which proved to be a bundle of glassine envelopes of heroin.

While the Suppression Court did not credit the officer's testimony that he actually saw an exchange of money and a glassine envelope, it did find the officer observed "hand motions between the male black and the defendant."

Defendant contends that the officer had no right to chase him, that his abandonment of the heroin was a direct response to this illegal pursuit and therefore Criminal Term erred in not suppressing the physical evidence.

However, assuming arguendo, that the Hearing Court was correct in finding the police officer could not observe a transfer of money for a glassine envelope, at a distance of some twenty feet, the Court did accept the fact that Codella, an experienced narcotics officer, witnessed "hand motions" and interaction between the two men, which the officer concluded was a drug transaction. Only then did Officer Codella approach the two men. This simple approach upon a founded suspicion of criminal activity was justified in its inception and reasonably related in scope to the circumstances, rendering it permissible (People v De Bour, 40 NY2d 210, 215). The officer, on his initial approach, did not display his shield, take out his weapon or otherwise identify himself as a policeman. Any

intrusion on defendant's liberty therefore was minimal and justified by the initial, suspicious behavior *(see, People v Balanco,* 158 AD2d 367). Defendant's flight (and the flight of his cohort) upon seeing the officer approach, coupled with the officer's objective credible reason for his initial minimal action justified an increased level of police intrusion—i.e., pursuit by the officer *(see, People v Leung,* 68 NY2d 734, 736). Thereafter, when the officer saw defendant discard the heroin, he had probable cause to arrest him. *People v Howard* (50 NY2d 583), cited by defendant in support of his position, is inapposite. There, the Court of Appeals held flight, with nothing more, was not a sufficient basis for finding probable cause but that flight combined with other indicia of criminal activity would justify pursuit *(see, People v Leung, supra).* Indeed, in *People v Jones* (118 AD2d 86, 92, *affd* 69 NY2d 853), the mere sight of an individual running, by police investigating another crime, which person they believed might be the victim of a crime, was found to constitute an objective, credible predicate for an approach seeking information and for pursuit.

Here, defendant intentionally disposed of the heroin; the evidence demonstrated that he actually attempted to throw it into a dumpster. The hearing court made a finding specifically of intentional abandonment of the heroin. Thus, even if the police pursuit were not justified, the abandonment of the heroin would have dissipated any taint of lawless police conduct *(see, People v Boodle,* 47 NY2d 398, 403-404).

*People v Grant* (164 AD2d 170), previously decided by this Court, is inapposite. In the instant case, defendant did not discard the heroin immediately upon confronting Officer Codella but waited after running some distance and purposefully attempted to throw it into a dumpster. "Rather than a spontaneous reaction to a sudden and unexpected confrontation with the police," the defendant's attempt to discard the heroin "was an independent act involving a calculated risk" *(People v Boodle, supra,* at 404; *see also, California v Hodari D.,* 499 US —, 111 S Ct 1547). Concur—Milonas, J. P., Rosenberger, Asch and Smith, JJ.