THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RIVERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered January 26, 1989, convicting him of attempted criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that

branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We agree with the defendant's contention that he may seek review of the hearing court's suppression ruling on this appeal, inasmuch as the record does not demonstrate a knowing, voluntary and unequivocal waiver of that right *(see, People v Bray,* 154 AD2d 692).

However, we find unpersuasive the claim that the hearing court erred in denying suppression. The testimony of experienced narcotics police officers established that the defendant conducted several exchanges of objects with different individuals at a location known for drug trafficking. Under the totality of the circumstances, the defendant's suspicious activity provided a valid basis for the police to approach him, and his flight upon being approached constituted legal justification for the pursuit by the officers *(see, People v Leung,* 68 NY2d 734; *People v Rivera,* 175 AD2d 78; *People v Wider,* 172 AD2d 573; *People v Kimble,* 153 AD2d 591). Moreover, the pouches discarded by the defendant, which the police recognized as being of the type commonly used to carry vials of crack cocaine and which in fact subsequently were found to contain such vials, were properly recovered pursuant to this lawful police conduct. In light of the foregoing evidence, we discern no basis for disturbing the hearing court's determination.

In any event, we note that the hearing record demonstrates that the defendant's deliberate attempt to divest himself of the narcotics by dropping them into an open sewer drain near the end of a lengthy chase on foot constituted an abandonment of the physical evidence *(see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *People v Kosciusko,* 149 AD2d 620). Mangano, P. J., Sullivan, Harwood and Miller, JJ., concur.