■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLF SILVER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered December 7, 1989, convicting him of attempted criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The record reveals that the defendant handed an unidentified item to another individual in exchange for United States currency at night in a location known for illegal narcotics transactions. We agree with the Supreme Court's determination that the police officer's observation of these events provided him with sufficient articulable facts to warrant his generalized informational inquiry of the defendant *(see, People v Carrasquillo,* 54 NY2d 248, 252-253; *People v Tolliver,* 145 AD2d 660, 662). Contrary to the defendant's claim, the officer's act of motioning the defendant and the other individual over to the patrol car in which he was seated did not constitute the exercise of forcible restraint. Rather, the record demonstrates that the defendant acted voluntarily and was not compelled to approach the vehicle. Indeed, the officer remained seated in the car as he motioned, he did not draw his gun, and he did not attempt to threaten, intimidate or coerce the defendant into approaching. Moreover, when the individual who was with the defendant declined to approach the car and instead left the scene, the officer made no attempt to call after, to detain, or to pursue that individual. Under these circumstances, it is clear that the defendant was aware that he had the choice of approaching the vehicle or of disregarding the officer. His election of the former option and his acts of approaching, resting his hands on the roof of the patrol car, and casually leaning his head into the window to speak to the officer, demonstrate that he acted voluntarily *(see, e.g., People v Tolliver, supra).* The officer's act of exiting from the vehicle in a non-threatening manner after speaking with the defendant similarly failed to constitute a restraint of or restriction upon the defendant's freedom and mobility. Moreover, the officer's immediate observation of vials of crack-cocaine on the roof of the police car where the defendant had been resting his hands provided ample probable cause for his arrest *(see, e.g., People v Tolliver, supra).*

In any event, we agree with the Supreme Court's additional determination that the defendant abandoned the vials found on the roof of the car by surreptitiously concealing them in his clenched fist and then depositing them on the roof while speaking with the officer. These actions support the conclusion that the defendant hoped to avoid arrest by engaging in this deliberate and calculated course of conduct *(see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *People v Rivers,* 176 AD2d 902; *People v Rivera,* 175 AD2d 78; *People v Wade,* 137 AD2d 638).

Finally, the court properly found that the additional vials of crack-cocaine recovered from the defendant's person were admissible. While the record demonstrates that the vials were discovered as the result of an illegally obtained statement, such "secondary" evidence was nevertheless admissible in this case pursuant to the doctrine of inevitable discovery. Inasmuch as the defendant was subjected to an inventory search at the precinct following his arrest, there was a very great likelihood "that the evidence sought to be suppressed would inevitably have been discovered irrespective of the initial wrong" *(People v Stith,* 69 NY2d 313, 318). Thompson, J. P., Bracken, Sullivan and Lawrence, JJ., concur.