■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZACHARY KORNEGAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered November 27, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Leahy, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's general motion to dismiss was insufficient to preserve his claim that the police officers' testimony was insufficient to establish that he possessed the gun (see, People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the conviction. Moreover, upon the exercise of our factual

review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We agree with the hearing court's denial of the branch of the defendant's motion which was to suppress the gun he discarded after a police officer called out to him. While on patrol in a residential area of Queens at approximately 4:00 A.M., two police officers found a group of 10 to 15 males playing dice in the middle of the street. As the officers emerged from their vehicle to tell the crowd to disperse, the defendant walked away from the crowd, looking around nervously. When one of the officers asked the defendant to stop, the defendant ignored him and continued to walk away. The defendant then threw something shiny, which turned out to be a gun, into a yard and ran away. The police officer's conduct in asking the defendant to stop as the defendant nervously walked away, while looking around, from a group of 10 to 15 males who were playing dice in the middle of the street at 4:00 A.M. in a residential area immediately after the arrival of the officer, was justified as a minimal intrusion *(see, People v De Bour,* 40 NY2d 210, 223). The defendant's subsequent decision to discard the gun as he continued to walk away, ignoring the police request, was not a spontaneous reaction to the police action, but was an independent act involving a calculated risk *(see, People v Boodle,* 47 NY2d 398; *People v Stewart,* 174 AD2d 769). Bracken, J. P., Lawrence, Ritter and Copertino, JJ., concur.