■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINFRED DUKES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered January 6, 1989, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The arresting officer testified at the suppression hearing that he observed the defendant and the codefendant engaged

in a conversation in the Hempstead bus terminal, a known drug location. The officer, who was in uniform, recognized the codefendant as someone he had seen three weeks before involved in an apparent drug transaction. The officer saw the codefendant pass a black pouch to the defendant. He had previously discovered illegal drugs in similar pouches on numerous occasions. As he approached the two men for the purpose of making an investigatory inquiry, they began walking away rapidly towards the rear of the bus terminal. The officer called out and asked whether they had any identification. The defendant reacted nervously and then fled. While pursuing the defendant, the officer observed him toss the pouch under a parked car.

Contrary to the defendant's contention, we find that the officer had reasonable suspicion that the defendant had committed or was committing a crime, thereby justifying the stop and inquiry (see, People v Leung, 68 NY2d 734, 736; People v Ramos, 168 AD2d 359; People v Mack, 162 AD2d 624; People v Mann, 143 AD2d 200; cf., People v Stewart, 174 AD2d 769; People v Bennett, 170 AD2d 516; People v Elliot, 162 AD2d 609). The officer plainly had probable cause to arrest the defendant once he retrieved the pouch from beneath the parked vehicle and found that it contained packets of what appeared to be cocaine. Furthermore, the defendant's tossing the pouch was not a spontaneous reaction to the police conduct, but was an independent act involving a calculated risk (see, People v Boodle, 47 NY2d 398, cert denied 444 US 969; People v Stewart, supra; People v Martin, 140 AD2d 632; cf., People v Howard, 50 NY2d 583, 593; People v Bennett, supra).

The defendant complains that he was improperly denied the opportunity to testify that the reason he fled was that he believed that there was an outstanding warrant for his arrest for having failed to make a court appearance on a charge of consuming alcohol in public (see, People v Etheridge, 71 AD2d 861). The defendant was permitted to testify that he had failed to make this court appearance and that he believed a warrant for his arrest had been issued. In addition, during his summation defense counsel presented this argument concerning the reason for the defendant's flight to the jury. Under these circumstances, and considering the overwhelming evidence of the defendant's guilt, any error was harmless (see, People v Crimmins, 36 NY2d 230).

The defendant's assertion that the prosecutor was improperly permitted to cross-examine him as to whether or not he lived near the codefendant is without merit. The defendant

testified that he had never met the codefendant prior to their arrest. The prosecutor was therefore properly permitted to challenge this assertion on cross-examination without resort to the use of extrinsic evidence *(see, People v Pavao,* 59 NY2d 282, 288-290).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.