■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ANDERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered April 3, 1990, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the

testimony adduced by the People at the suppression hearing was incredible as a matter of law. Rather, the account of events provided by the testifying police officer was clear and consistent, and there is no indication that the testimony was patently tailored to nullify constitutional objections. It is firmly established that "[i]ssues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous" *(People v Armstead,* 98 AD2d 726). We discern no basis in this record for disturbing the hearing court's factual findings.

Similarly unavailing is the defendant's contention that the police acted unlawfully in pursuing him. The record demonstrates that a police officer with extensive experience in narcotics offenses and arrests observed the defendant and another male engaged in suspicious conduct. These observations provided ample justification for the officer to approach the defendant *(see, People v Hollman,* 79 NY2d 181; *People v De Bour,* 40 NY2d 210). Furthermore, under the totality of the circumstances, these observations, when coupled with the defendant's immediate flight upon seeing the uniformed officer and before the officer could say anything, constituted a valid basis for the pursuit of the defendant *(see, e.g., People v Leung,* 68 NY2d 734; *People v Dukes,* 184 AD2d 522; *People v Rivers,* 176 AD2d 902; *People v Rivera,* 175 AD2d 78).

In any event, suppression was properly denied in this case, inasmuch as there is ample evidence in the hearing record to support the court's conclusion that the defendant abandoned the drugs. Indeed, the defendant's dumping of the vials of crack cocaine near the end of a chase on foot and only after it became clear that he would be apprehended by the police constituted a deliberate and calculated attempt to divest himself of the crack cocaine *(see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *People v Dukes, supra; People v Rivers, supra; People v Rivera, supra).* Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.