■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Rena K. Uviller, J., at suppression hearings and jury trial), rendered November 16, 1989, convicting defendant of murder in the second degree, and two counts of robbery in the first degree, and sentencing him to concurrent terms of 25

years to life on the murder count and 12½ to 25 years on each of the robbery counts, unanimously affirmed.

While it is true that a citizen need not cooperate with police officers, and may walk or run away when questioned *(People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023), *People v Leung* (68 NY2d 734, 736) established that a police pursuit may be justified where the police approach a citizen based on a founded suspicion that criminal activity is afoot, and that person takes flight immediately upon their approach. As this Court explained in *People v Allen* (141 AD2d 405, 407, *affd* 73 NY2d 378) and *People v Hill* (127 AD2d 144, *appeal dismissed* 70 NY2d 795), flight *before* inquiry by police officers may not be equated with an exercise of the right not to respond such as was involved in *People v Howard (supra).* A defendant's flight may accordingly be considered an "escalating factor" authorizing a greater level of police intrusion *(People v Grant,* 184 AD2d 242).

When the officers first observed defendant and his companion, they were running while looking back over their shoulders. This activity, coupled with the officers' observation of an object in defendant's companion's hand that appeared to be a gun, provided a founded suspicion that criminal activity was afoot justifying the approach of *both* men. The immediate change of direction by the suspects upon seeing the officers, combined with their headlong rush, their furtive glances, and the sighting of an object that appeared to be a gun, provided ample indicia of criminal activity sufficient to justify pursuit. The propriety of the pursuit was buttressed by the radio report, received as the officers exited their vehicle to give chase on foot, of shots fired from a location in the same direction from which the suspects had been running.

We have considered the remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Ross, Kassal and Rubin, JJ.