■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO A. TERRY, Appellant.—Judgment unanimously affirmed. Memorandum: Supreme Court properly refused to suppress evidence of a plastic bag and its contents. An anonymous 911 telephone call reported that a Black male wearing a blue and red sweat suit was selling drugs or guns at a specific

street address. That call and the responding officer's observation of a person matching that description at that address provided the officer with a founded suspicion of criminal activity sufficient to justify exercise of the common-law right of inquiry *(see, People v Stewart,* 41 NY2d 65, 69; *People v La Pene,* 40 NY2d 210, 221; *People v Atwood,* 105 AD2d 1055). Defendant's immediate flight upon seeing the officer approach and the officer's observation that defendant was carrying a plastic bag in his hand heightened the level of suspicion to a reasonable suspicion that defendant was, or had been, engaged in criminal activity and justified the officer's pursuit of defendant *(see, People v Martinez,* 80 NY2d 444; *People v Leung,* 68 NY2d 734; *People v Johnson,* 186 AD2d 420; *People v Anderson,* 185 AD2d 355, *lv denied* 80 NY2d 926). Because defendant discarded the plastic bag during a lawful pursuit, subsequent retrieval of it by the police did not violate defendant's constitutional rights *(see, People v Martinez, supra; People v Leung, supra,* at 736; *People v Dukes,* 184 AD2d 522, *lv denied* 80 NY2d 929). Moreover, defendant's attempt to divest himself of incriminating evidence by tossing the plastic bag under a parked car during that lawful pursuit was an independent act involving a calculated risk and constituted an abandonment of the bag and its contents *(see, People v Hall,* 152 AD2d 905, *affd* 75 NY2d 826; *People v Anderson, supra; People v Dukes, supra; People v Rivers,* 176 AD2d 902, *lv denied* 79 NY2d 863; *People v Rivera,* 175 AD2d 78, *lv denied* 78 NY2d 1129). (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Green, J. P., Pine, Balio, Davis and Doerr, JJ.