■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY THOMAS, Appellant. [607 NYS2d 632] —Judgment, Supreme Court, Bronx County (Harold Silverman, J., at *Mapp* hearing; William C. Donnino, J., at trial), rendered May 29, 1992, which convicted defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree and sentenced him, as a second felony offender, to concurrent terms of imprisonment of 5 to 10 years and 2 to 4 years, respectively, unanimously affirmed.

A police officer, while on routine patrol with his partner in a police van in a drug-prone area in the Bronx, observed defendant sitting on the hood of a car parked approximately 80 to 100 feet away. The officer saw defendant hand "something small" to several people, whom the officers had previously arrested for drug offenses, in exchange for something he believed to be money. As the officer and his partner approached defendant, several of the people that were in the area dispersed. Defendant looked over his shoulder, turned his head, and suddenly ran away. The officer chased defendant for 3 blocks, following defendant into an apartment building and up to the third floor, where defendant was observed throwing a small brown paper bag out a window. Defendant was detained while another officer retrieved the bag, which contained money and vials of crack cocaine.

Here, the circumstances provided the officer with an objective credible reason to approach defendant *(People v Matienzo,* 81 NY2d 778, 780; *People v Jones,* 196 AD2d 788). Further, defendant's flight, coupled with the officer's objective credible reason for his initial minimal action, provided the necessary predicate to justify the pursuit. *(People v Rivera,* 175 AD2d 78, 79, *lv denied* 78 NY2d 1129.) Since "the initial approach and the subsequent pursuit and detention of defendant constituted legitimate, justifiable police conduct" the recovery of the

paper bag was also lawful *(People v Leung,* 68 NY2d 734, 736). Moreover, once the officers discovered the contents of the bag, they possessed probable cause to arrest defendant *(People v Jones, supra).* Concur—Sullivan, J. P., Rosenberger, Kupferman and Ross, JJ.