■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS HOLLAND, Appellant. [634 NYS2d 309] —Judgment unanimously affirmed. Memorandum: The suppression court properly denied defendant's motion to suppress physical evidence seized from defendant at the time of his arrest. Defendant was observed by a police officer in an area of high drug activity, approaching several cars that had pulled over to the curb, talking with the occupants, reaching in with his hands, and then walking away. Those facts furnished the police with an objective, credible reason to approach defendant for the purpose of making inquiry *(see, People v Sierra,* 83 NY2d 928, 930; *People v De Bour,* 40 NY2d 210, 223). The conduct of defendant in

discarding a paper bag upon seeing the police officer approaching him heightened the level of suspicion to a reasonable suspicion that defendant was, or had been, engaged in criminal activity and justified the officer's detention of defendant *(see, People v Sierra, supra; People v Martinez,* 80 NY2d 444; *see, People v Terry,* 190 AD2d 1064, 1065, *lv denied* 81 NY2d 1081; *People v Hall,* 152 AD2d 905, *affd* 75 NY2d 826). Moreover, the attempt by defendant to rid himself of the drugs by discarding the paper bag was "an independent act involving a calculated risk" and constituted an abandonment of the bag and its contents *(People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969; *People v Terry, supra,* at 1065; *People v Hall, supra).* "Once defendant abandoned the [paper bag containing the cocaine], he lost his right to object to the [police seizing the bag] and the drugs discovered upon opening the [bag] provided the police with probable cause to arrest him" *(People v Martinez, supra,* at 449).

We reject defendant's contention that the trial court erred in instructing the jury not to consider the lack of fingerprint evidence. There was no testimony concerning fingerprints or the lack thereof. Therefore, the court properly sustained the prosecutor's objection to defense counsel's comment on summation that no fingerprint tests were conducted on the paper bag or the plastic bags inside the paper bag and properly instructed the jury "not to speculate on the issue of fingerprints" *(see, People v Hernandez,* 143 AD2d 842, 844, *lv denied* 73 NY2d 892). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.