■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SALVA, Appellant. [645 NYS2d 3]

Defendant's motion to suppress the gun, on the ground that the police lacked reasonable suspicion to pursue him and that he threw away the gun only in response to the police illegality, was properly denied. The police officers' pursuit was justified inasmuch as they had a reasonable suspicion that defendant had committed or was about to commit a crime (*People v Martinez*, 80 NY2d 444). Seconds after hearing a gunshot from somewhere in front of their patrol car at 3:45 A.M., the officers noticed a group of people looking back and forth between the patrol car and defendant, who was walking alone across the street and was the only person walking away from the area. At that point, the police had a founded suspicion that criminal activity was afoot. When defendant then looked back over his shoulder at least twice at the marked patrol car which had been traveling behind him and then suddenly started to run, these actions elevated their founded suspicion to reasonable suspicion that defendant was connected with the gunshot (*see, People v Blackwell*, 206 AD2d 300, *appeal dismissed* 85 NY2d 851). In any event, defendant's decision to throw the gun over a chainlink fence, over 1¹/₂ blocks away from the point where he began to run, while aware of the police officers' presence, was a calculated one, rather than a spontaneous response to the pursuit (*People v Boodle*, 47 NY2d 398, 404-405, *cert denied* 444 US 969; *People v Rivera*, 175 AD2d 78, 80, *lv denied* 78 NY2d 1129). Concur—Ellerin, J. P., Kupferman, Williams and Mazzarelli, JJ.