■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ESQUILIN, Appellant. [653 NYS2d 567] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered March 4, 1994, convicting defendant, after a jury trial, of robbery in the first degree, and two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/_2$ to 9 years on the first-degree robbery conviction, and 3 to 6 years on both second-degree robbery convictions, unanimously affirmed.

Defendant's motion to suppress physical evidence and a showup identification was properly denied. The evidence at the suppression hearing established that, on August 31, 1993, at approximately 9:30 P.M., Sergeant Osborne and Police Officers Freer and Lilly were on anti-crime patrol in an unmarked police car, when they received a radio transmission of a robbery in progress at Ninth Street and Second Avenue. They traveled the few blocks to the location, behind a marked police car.

Osborne observed defendant and codefendant Jose Rivera on the corner of Ninth Street and Second Avenue, and saw them begin to walk east on Ninth Street, while repeatedly looking back over their shoulders at the marked police car. As the uniformed officers left their car, defendant and Rivera quickened their pace, continuing to look back over their shoulders at the police. Osborne and Lilly got out of their unmarked vehicle, and as Osborne began walking across the street, Lilly heard Rivera say to defendant "Come on man, let's go. The cops are here." Defendant and Rivera then began to run.

Osborne directed both men to stop, but they continued to flee, and with Lilly, he pursued them. Osborne made a radio transmission of the pursuit, giving both a description of the fleeing perpetrators, and their direction. They then apprehended defendant, recovering a can of mace nearby. Another officer caught Rivera and recovered a screwdriver from the ground near him. Other officers brought the complainant, who had been stabbed and sprayed with mace during the robbery, to the scene. He identified both defendant and Rivera as the robbers.

The suppression court denied the motion, finding that the radio report of a robbery in progress, in conjunction with the officers' observations at the scene, provided a founded suspicion of criminality, which upon defendant's and Rivera's flight, escalated to reasonable suspicion justifying the pursuit.

"[A] defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit" (*People v Sierra*, 83 NY2d 928, 929; *People v Velasquez*, 217 AD2d 510, 511, *lv denied* 87 NY2d 852). Here, the radio report of a robbery in progress at the exact location only minutes before, defendant's and Rivera's retreat from, and preoccupation with, the uniformed police at the scene and Rivera's statement that they should leave because "[t]he cops are here", rendered what otherwise might be interpreted as equivocal conduct manifestly more suspicious, and provided a founded suspicion of criminality (*People v Salva*, 228 AD2d 344, *lv denied* 89 NY2d 867; *People v Velasquez, supra*; *cf., People v Holmes*, 81 NY2d 1056, 1058). The situation ripened into reasonable suspicion when defendant and Rivera fled upon Osborne's approach, prior to any inquiry by the police (*see, People v Martinez*, 80 NY2d 444, 447-448; *People v Leung*, 68 NY2d 734, 736; *People v Blackwell*, 206 AD2d 300, *appeal dismissed* 85 NY2d 851; *People v Johnson*, 186 AD2d 420, 421, *lv denied* 81 NY2d 763). The fact that Osborne may not have heard Rivera's statement was irrelevant to the suppression determination, since Lilly, who did, also participated in the pursuit and arrest of defendant.

The trial court's response to a jury note, which inquired "whether it was legal for [the complainant] to drop the charges," was meaningful and satisfied CPL 310.30. A trial court is vested with some discretion in framing the response to a jury's request (*see, People v Malloy*, 55 NY2d 296, 302, *cert denied* 459 US 847), and the court's response that it could not

answer the question because it might lead to "undue speculation" was proper, since the record was devoid of evidence that the complainant intended to drop the charges (*see, People v Davis*, 223 AD2d 376, *lv denied* 88 NY2d 846; *see generally, People v Malloy*, 55 NY2d, *supra,* at 302). Moreover, defendant cannot complain about the court's response, since it was defendant himself who objected to the questioning of the complainant as to whether his appearance in court was voluntary.

We have examined defendant's further contentions and find them to be both unpreserved and meritless. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.