■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GWYN CANCER, Appellant. [671 NYS2d 775] —White, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 27, 1994 and August 2, 1994, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

On June 30, 1993, several City of Albany police officers were engaged in an undercover stakeout as a result of information they had acquired through a cooperative criminal informant. The informant made arrangements for a drug sale by placing a call to his supplier's pager, or beeper, number. At approximately 1:50 A.M., one of the detectives involved monitored a call from the supplier to the informant in which the officer overheard the supplier agree to furnish the informant with a

---

quantity of drugs for a payment of $500, with the transaction to occur at the parking lot of a Stewart's convenience store within a half hour. The Stewart's parking lot on the corner of Henry Johnson Boulevard and Livingston Avenue in the City of Albany was placed under surveillance with two detectives stationed behind a fence at the rear of the parking lot where they could observe the entire area, while other police officers were located in an unmarked police car nearby.

Although the convenience store was closed for business at the time, the street was well lit and just before 2:30 A.M. a vehicle approached the area and came to a stop near the entrance to the parking lot. Defendant, who was seated in the back seat of the car, exited the vehicle and commenced walking through the parking lot while furtively observing the entire area. He proceeded to the gas pumps, crouched down and appeared to place an object on the gas-pump platform. After walking through the parking lot and again observing the area, he returned to the gas pumps, bent down and appeared to pick something up and place it in his pocket. He then walked to the vehicle and engaged in conversation with the individuals remaining in the car. After a brief discussion, defendant left the car and repeated the same activity as before; glancing around the entire parking lot, returning to the pumps and placing an object on the pump platform. He then picked the object up from the platform and returned to the vehicle. At this point the police officers, having witnessed this highly unusual behavior, decided to approach the parked car. As they did so, defendant abruptly exited the back seat, leaving the back door of the car open, and ran east on Livingston Avenue. While defendant was being returned to the vehicle after being apprehended, another officer looked through the open rear door of the automobile and observed in plain view on the floor of the rear seat of the vehicle two clear plastic baggies which appeared to contain crack cocaine. This material was secured as evidence, later analyzed and determined to be crack cocaine. As a result of this incident, defendant was indicted on two counts of criminal possession of a controlled substance, was subsequently convicted and now appeals.

Defendant's main contention is that County Court improperly denied his motion to suppress the drugs found in the car. We disagree and find that the police, based upon the monitored telephone call and the surrounding circumstances, had reasonable grounds to approach the vehicle, pursue the fleeing defendant, and seize both defendant and the apparent drug from the vehicle (*see, People v Shakur*, 233 AD2d 793, 795, *lv denied* 89

NY2d 1041; *People v Salva,* 228 AD2d 344, 345, *lv denied* 89 NY2d 867; *People v Holland,* 221 AD2d 947, 948, *lv denied* 87 NY2d 922; *People v Adams,* 194 AD2d 102, 107).

Here, experienced police officers at the scene of a pending drug buy witnessed unusual behavior at 2:30 A.M. in the parking lot of a closed convenience store. Based on these facts and the observations of defendant's activities around the gas pumps, the police had a right to make inquiry of defendant, and his immediate flight created a reasonable suspicion which afforded the police with sufficient cause for an investigative detention, together with seizure of the crack cocaine which was in plain view (*see, People v Sierra,* 83 NY2d 928, 930; *People v Martinez,* 80 NY2d 444, 447; *People v Leung,* 68 NY2d 734, 736; *People v De Bour,* 40 NY2d 210, 220-221).

Defendant also argues that County Court erred in allowing testimony that drug dealers use beepers to facilitate drug transactions. The beeper seized from defendant at the time of his arrest was received in evidence and the detective was allowed to testify, based on his training and experience, that beepers were used by street-level drug dealers in their transactions. We find that the admission of this evidence not only was probative of defendant's intent to sell drugs, but also material to the issue of whether defendant was the same individual contacted through a beeper by the informant (*see, People v Marte,* 207 AD2d 314, *lv denied* 84 NY2d 937; *People v Carpenter,* 187 AD2d 519, *lvs denied* 81 NY2d 838, 1012). Therefore, weighing the probative value of the evidence against its potential for prejudice, it was not an improper exercise of discretion by County Court to receive this testimony (*see, People v Alvino,* 71 NY2d 233, 242).

Based on the facts previously set forth, we find the conviction to be proper.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.