■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOT RICHARDSON, Appellant. [689 NYS2d 47] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered July 28, 1997, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree, and sentencing him, as second felony offender, to three concurrent terms of $5\frac{1}{4}$ to $10\frac{1}{2}$ years, unanimously affirmed.

In this observation sale case in which identification was the principal issue, the court properly admitted testimony concerning uncharged contemporaneous drug sales. This evidence was relevant to the charge of possession with intent to sell, and was also relevant to the sale charge because it completed the narrative and established the officer's opportunity to observe, including his degree of focus upon defendant (*see, People v Marte*, 207 AD2d 314, *lv denied* 84 NY2d 937), while carrying no suggestion of large-scale drug activity (*see, People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800).

The court properly admitted a distinctive plastic bag found on defendant when arrested, along with expert testimony that the bag was of a particular type used in general street practice to hold smaller bags of drugs, since such evidence was relevant to issues presented at trial (*see, People v Del Vermo*, 192 NY 470, 478-482, *People v Cancer*, 249 AD2d 696, *lv denied* 91 NY2d 1005; *People v Marte*, 207 AD2d 314, 316, *supra*).

Defendant's various claims concerning the People's opening and closing arguments and the absence of limiting instructions are unpreserved and we decline to review them in the interest

of justice. Were we to review these claims, we would reject them as constituting, at most, harmless error. Concur—Ellerin, P. J., Sullivan, Wallach, Lerner and Buckley, JJ.