■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN PETTIFORD, Appellant. [632 NYS2d 83] —Judgment, Supreme Court, New York County (Charles Tejada, J.) rendered December 8, 1992, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree and sentencing him, as a second felony offender, to a term of 1 1/2 to 3 years, unanimously reversed, on the law, the

judgment vacated and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Defendant's arrest, based on the arresting officer's observation of defendant's passing of a ziplock bag to another unapprehended party, was improper. Although such activity is evidence of an illicit drug transaction, the officer did not observe the contents of the bag, did not see any furtive behavior on the part of either the defendant or the other individual and saw no money change hands, other criteria which would have provided probable cause for defendant's arrest (*People v McRay*, 51 NY2d 594, 604-605). At best, activity as observed by the officer gave him a common-law right of inquiry into defendant's activities (*People v De Bour*, 40 NY2d 210, 223). Concur—Ellerin, J. P., Wallach, Ross, Asch and Mazzarelli, JJ.