OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
On July 18, 1993, appellant was arrested by Officer Gogarty and his partner, Officer Fallon, after Officer Fallon recovered a gun from the waistband of appellant’s pants. Respondent presentment agency filed a petition in Family Court charging appellant, then 13 years old, with the commission of acts which would have constituted the crimes of criminal possession of a weapon in the second, third, and fourth degrees if committed by an adult. Appellant made a motion to suppress the gun and a pretrial suppression hearing was held.
At the hearing, Officer Gogarty testified that he and Officer Fallon were on routine patrol in their car when they heard the radio dispatcher announce that a Hispanic male, wearing a sun visor, red shirt and black pants had a gun in his waist. Officer Fallon drove to the specified location and was slowing the car to a stop when Officer Gogarty remarked that a person fitting the description just broadcast (later identified as appel *865 lant) was standing in front of the building. Both officers exited from their vehicle and approached appellant from opposite sides.
Officer Gogarty was approximately 15 to 20 feet away from appellant when he saw a bulge at the waistband of appellant’s pants. He continued to walk briskly toward defendant, as did Officer Fallon. When Officer Fallon reached appellant, approximately one foot ahead of Officer Gogarty, he reached directly into appellant’s waistband and pulled out a gun. Officer Gogarty did not tell his partner that he had seen a bulge at appellant’s waist before Officer Fallon recovered the gun, and Officer Fallon did not testify at the suppression hearing.
Appellant’s motion to suppress the gun was denied and after a fact-finding hearing, Family Court adjudicated appellant a juvenile delinquent, concluding that appellant committed an act which would constitute criminal possession of a weapon in fourth degree if he were an adult. Appellant was placed under the supervision of the Department of Probation for one year.
Appellant argues that the Appellate Division erred by inferring that Officer Fallon observed a bulge at appellant’s waist because Officer Gogarty did not communicate to his partner that he had seen a bulge, and Officer Fallon did not testify at the suppression hearing. We disagree. Since Officer Fallon heard the same radio dispatch as Officer Gogarty and was in the same position to observe what Officer Gogarty perceived, an inference that Officer Fallon saw the same bulge which Officer Gogarty testified he had observed was reasonable as a matter of law (compare, People v Mims, 88 NY2d 99 [decided today]).
As the record supports the Appellate Division’s determination that Officer Fallon acted reasonably in seizing the gun, the Appellate Division order should be affirmed.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed, without costs, in a memorandum.