■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN EUBANKS, Appellant. [722 NYS2d 491] —Judgment, Supreme Court, New York County (Renee White, J.), rendered March 16, 1999, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The evidence adduced at the hearing sufficiently establishes probable cause for defendant's arrest because the only rational inference to be drawn from the facts is that the nontestifying arresting officer, who at all times was in close proximity to his testifying partner, also saw an apparent drug transaction between defendant and a purchaser (*Matter of Jose R.*, 88 NY2d 863; *see also, People v Gonzalez*, 91 NY2d 909). We note that the nontestifying officer arrested defendant immediately upon recovering drugs from the purchaser. Since defendant's objection to the hearing court's *Rosario* ruling was on different grounds from those raised on appeal, his claim that the court's drawing of an adverse inference was an inappropriate remedy for the alleged *Rosario* violation at the suppression hearing is unpreserved and we decline to review it in the interest of justice. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.