THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WILLIAMS, Appellant. [834 NYS2d 816]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered April 7, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and assault in the second degree (§ 120.05 [3]). Contrary to the conten-

tion of defendant, County Court properly refused to suppress controlled substances seized from his person following his arrest. A plainclothes officer testified at the suppression hearing that, as he drove by defendant in an unmarked vehicle in an area known for numerous drug sales, defendant made a hand gesture that in the officer's experience indicated that defendant was selling drugs. The officer radioed a detailed description of defendant to uniformed officers who thereafter approached defendant and the group of people with whom he was standing. We conclude that the officers had a founded suspicion that criminal activity was afoot, justifying their common-law inquiry of defendant (*see People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Rivera*, 175 AD2d 78, 79-80 [1991], *lv denied* 78 NY2d 1129 [1991]; *see generally People v Pettiford*, 220 AD2d 261, 262 [1995]). Upon being asked for identification, defendant knocked down one of the officers and fled from the scene, thus justifying a greater level of police intrusion, which eventually led to his arrest (*see People v Leung*, 68 NY2d 734, 736 [1986]; *Rivera*, 175 AD2d at 79-80). The search of defendant's person, resulting in the seizure of the controlled substances sought to be suppressed, was incident to that lawful arrest (*see People v Weintraub*, 35 NY2d 351, 353-354 [1974]). We have examined defendant's remaining contentions and conclude that they are lacking in merit. Present—Scudder, P.J., Hurlbutt, Green and Pine, JJ.