THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MARTINEZ, Appellant. [873 NYS2d 807]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered December 23, 2003. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of two counts of robbery in the first degree (Penal Law § 160.15 [2], [4]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [former (3)]), defendant contends that he was denied his right to be present at a

pretrial scheduling conference. We reject that contention. That conference did not involve "factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position" (*People v Spotford*, 85 NY2d 593, 596 [1995]), and the contention of defendant that his presence would have affected the outcome of the trial is merely speculative (*see People v Roman*, 88 NY2d 18, 26 [1996], *rearg denied* 88 NY2d 920 [1996]).

We also reject the contention of defendant that the police lacked probable cause to arrest him. The record of the suppression hearing establishes that a police officer observed defendant emerge from the area immediately behind the store that had just been robbed, and that defendant matched the description of one of the suspects. The officer testified that defendant fled from the area when he saw the officer. It is well settled that "a defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit" (*People v Sierra*, 83 NY2d 928, 929 [1994]; *see People v Davis*, 48 AD3d 1120, 1121-1122 [2008], *lv denied* 10 NY3d 957 [2008]; *People v Nesmith*, 289 AD2d 1049 [2001], *lv denied* 97 NY2d 758 [2002]). The officer thus was entitled to pursue defendant (*see People v Martinez*, 39 AD3d 1159, 1160 [2007], *lv denied* 9 NY3d 867 [2007]), and he had probable cause to arrest defendant based on defendant's spontaneous statement that the police did not need to look for the guns used in the robbery because "they were plastic, [and] we broke them up" (*see generally People v Bigelow*, 66 NY2d 417, 423 [1985]). Contrary to defendant's further contention, the sentence is not unduly harsh or severe.

We reject the contention of defendant in his main and pro se supplemental briefs that he was denied effective assistance of counsel. To the extent that defendant contends that defense counsel was ineffective for failing to move to suppress certain evidence, defendant "failed to show that a pretrial motion to suppress [that] evidence, if made, would have been successful" (*People v Matthews*, 27 AD3d 1115, 1116 [2006]). To the extent that defendant contends that defense counsel was ineffective for failing to conduct proper cross-examinations of witnesses, to question potential jurors in a sufficient manner and to request a specific jury instruction, defendant failed " 'to demonstrate the absence of strategic or other legitimate explanations' for [those] alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998], quoting *People v Rivera*, 71 NY2d 705, 709

[1988]) and, absent such a showing, it is presumed that defense counsel acted competently (*see People v Wells*, 187 AD2d 745 [1992], *lv denied* 81 NY2d 894 [1993]; *see generally People v Flores*, 84 NY2d 184, 187 [1994]).

The remaining contentions of defendant in his main and pro se supplemental briefs are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Hurlbutt, J.P., Centra, Fahey and Peradotto, JJ.