██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL LAZCANO, Appellant. [885 NYS2d 838]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered February 6, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that County Court erred in refusing to suppress a knife seized from his jacket pocket during a pat-down search. We agree. Although "a defendant who challenges the legality of a search and seizure has the burden of proving illegality, the People are nevertheless put to the burden of *going forward* to show the legality of the police conduct in the first instance" (*People v Berrios*, 28 NY2d 361, 367 [1971] [internal quotation marks omitted]; *see People v Hernandez*, 40 AD3d 777, 778 [2007]). Here, the People failed to meet that burden. They established that the police were justified in stopping defendant and conducting the pat-down search (*see People v McGiboney*, 62 AD3d 812 [2009]; *People v Hethington*, 258 AD2d 919 [1999], *lv denied* 93 NY2d 971 [1999]), but they failed to establish that the officer who conducted the pat-down search was justified in reaching into defendant's pocket and seizing the knife. That officer did not testify at the suppression hearing, and the testimony of the officer who witnessed the pat-down search was insufficient to establish that the search of defendant's pocket was legal (*see People v Barreto*, 161 AD2d 305, 307 [1990], *lv denied* 76 NY2d 852 [1990]; *cf. Matter of Jose R.*, 88 NY2d 863, 865 [1996]; *see generally People v Diaz*, 81 NY2d 106, 109 [1993]). We nevertheless conclude that there is no reasonable possibility that the court's error in refusing to suppress the knife might have contributed to the conviction, and thus the error is harmless beyond a reasonable doubt (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Freeman*, 46 AD3d 1375, 1377 [2007], *lv denied* 10 NY3d 840 [2008]).

The court also erred in permitting the People to present testimony on rebuttal that the court had refused to allow them to present on their direct case. Defendant did not "open the door" to that rebuttal testimony when he testified on direct examination by defense counsel, and the court erred in permitting the People to "range[ ] beyond the defendant's direct examination 'in order to lay a foundation for the tainted evidence on rebuttal' " (*People v Rahming*, 26 NY2d 411, 418 [1970], quoting *People v Miles*, 23 NY2d 527, 543 [1969], *cert denied* 395 US 948 [1969]). We conclude, however, that the court's error in admitting the rebuttal testimony is harmless (*see People v Sulayao*, 58 AD3d 769, 770-771 [2009], *lv denied* 12 NY3d 822 [2009]; *People v Gant*, 291 AD2d 912 [2002], *lv denied* 98 NY2d 675 [2002]; *see generally Crimmins*, 36 NY2d at 241-242). Finally, contrary to defendant's contention, the court properly exercised its discretion in refusing to allow defense counsel to cross-examine the victim with respect to her alleged drug use (*see People v Foley*, 257 AD2d 243, 254 [1999], *affd* 94 NY2d 668 [2000], *cert denied* 531 US 875 [2000]; *see generally People v Freeland*, 36 NY2d 518, 525 [1975]). Present—Hurlbutt, J.P., Martoche, Centra, Green and Gorski, JJ.