THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS BROWN, Appellant. [888 NYS2d 833]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered August 17, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]), defendant contends that Supreme Court erred in refusing to suppress the gun found on his person and his statements to the police on the ground that he was unlawfully detained. Contrary to defendant's contention, we conclude that the police officer had a founded

suspicion that criminal activity was afoot and thus was justified, based on a common-law right of inquiry, in ordering defendant to stop walking away from him (*see generally People v Bora*, 83 NY2d 531, 534-536 [1994]; *People v De Bour*, 40 NY2d 210, 223 [1976]). The People therefore sustained their burden at the suppression hearing "of going forward to show the legality of the police conduct in the first instance" (*People v Di Stefano*, 38 NY2d 640, 652 [1976]). We further conclude that defendant's flight when approached by the officer, in conjunction with the attendant circumstances, gave rise to the requisite reasonable suspicion justifying police pursuit (*see People v Martinez*, 59 AD3d 1071, 1072 [2009]; *lv denied* 12 NY3d 856 [2009]). Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.