◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN JOHNSON, Appellant. [896 NYS2d 551]—

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered November 18, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree, grand larceny in the fourth degree (two counts) and criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the third degree (Penal Law § 160.05), criminal possession of stolen property in the fourth degree (§ 165.45 [2]) and two counts of grand larceny in the fourth degree (§ 155.30 [4], [5]). We reject the contention of

defendant that County Court erred in refusing to suppress, inter alia, physical evidence and his statements to the police. Contrary to the contention of defendant, we conclude that the police had probable cause to arrest him. "It is well settled that 'information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest' " (*People v McClain*, 67 AD3d 1480, 1480 [2009]). In addition, the subsequent "search of defendant's person, resulting in the seizure of the [victim's purse], was incident to that lawful arrest" (*People v Williams*, 39 AD3d 1269, 1270 [2007], *lv denied* 9 NY3d 871 [2007]; *see generally People v Weintraub*, 35 NY2d 351, 353-354 [1974]). Contrary to the further contention of defendant, "we conclude that [his postarrest] statements [to the police] were spontaneous and were not the product of express interrogation or its functional equivalent" (*People v Wearen*, 19 AD3d 1133, 1134 [2005], *lv denied* 5 NY3d 834 [2005]).

Defendant failed to preserve for our review his contention that the evidence is not legally sufficient to support the conviction of grand larceny in the fourth degree under the third count of the indictment inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Gray*, 86 NY2d 10, 19 [1995]). Defendant further contends that the court erred in denying that part of his motion for a trial order of dismissal with respect to the third count of the indictment because grand larceny in the fourth degree is an inclusory concurrent count of robbery in the third degree. We reject that contention (*cf. People v Moore*, 41 AD3d 1149, 1152 [2007], *lv denied* 9 NY3d 879, 992 [2007]; *see generally* CPL 300.40 [3] [a]). "The element of grand larceny in the fourth degree of stealing property from the person of another is not an element of . . . robbery in the third degree, which is simple forcible stealing" (*People v Sidney*, 178 AD2d 445, 445-446 [1991], *lv denied* 79 NY2d 923 [1992]; *see generally People v Glover*, 57 NY2d 61, 63-64 [1982]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). " '[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which [observed] and heard the witnesses' " (*see People v Sorrentino*, 12 AD3d 1197, 1197-1198 [2004], *lv denied* 4 NY3d 748

[2004]). Finally, defendant's contention "that the court erred in failing to direct the court reporter to transcribe the voir dire . . . is not properly before us because defendant explicitly waived the transcription of voir dire" (*People v Collins*, 288 AD2d 860, 861 [2001], *lv denied* 97 NY2d 752 [2002]). Present—Smith, J.P., Centra, Lindley, Sconiers and Pine, JJ.