■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVE J. GRAY, Respondent. [908 NYS2d 315]—

Appeal from an order of the Monroe County Court (John J. Connell, J.), dated September 22, 2008. The order granted those parts of defendant's omnibus motion to suppress tangible property and statements.

It is hereby ordered that the order so appealed from is unanimously reversed on the law, those parts of the motion to suppress tangible property and statements are denied and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: The People appeal from an order granting those parts of defendant's omnibus motion to suppress tangible property found both in a residence pursuant to a search warrant and on defendant's person, as well as statements made by defendant at the police station. We agree with the People that reversal is required.

We note at the outset that County Court erred in determining that the police lacked reasonable suspicion to pursue defendant. "[A] defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit" (*People v Sierra*, 83 NY2d 928, 929 [1994]). Here, defendant was the sole occupant of a residence where the police were about to execute a valid search warrant, and the police observed defend-

ant run from the front porch into the residence and out the back door of the residence. Defendant then climbed over a nine-foot fence topped by barbed wire, fell to the ground, and continued to run before being apprehended by the police.

We further conclude that the court erred in suppressing the tangible property seized from the residence and defendant's person, as well as defendant's statements made at the police station, based on its determination that the tangible property and statements were the result of an illegal pursuit and arrest. Upon apprehending defendant and arresting him, the police returned him to the residence that was the subject of the search warrant. The tangible property found in the residence pursuant to the valid search warrant, i.e., a handgun, crack cocaine, an electronic scale and unused baggies, was not subject to suppression (*see People v Aseltine*, 155 AD2d 819, 820 [1989]). The police then searched defendant's person and found, inter alia, a bag of marihuana and a bag of crack cocaine. That tangible property also was not subject to suppression inasmuch as the search resulting in the seizure of that property was incident to a lawful arrest (*see People v Johnson*, 71 AD3d 1521, 1522 [2010]). Later, at the police station, defendant made the disputed statements to the police. Even assuming, arguendo, that the pursuit of defendant and his arrest were illegal, we would conclude that defendant's statements made three hours later at the police station were "sufficiently attenuated from the illegal arrest to be purged of the taint created by the illegality" (*People v Russell*, 269 AD2d 771, 772 [2000]). Present—Smith, J.P., Fahey, Sconiers, Pine and Gorski, JJ.