# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**54**
**KA 09-02382**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                 V                             MEMORANDUM AND ORDER

TECOY INGRAM, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE, MITCHELL GORIS & STOKES, LLC (STEWART F. HANCOCK, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered August 20, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), defendant contends that Supreme Court erred in refusing to suppress both the drugs found on his person and his statements to the police on the ground that he was unlawfully detained. Contrary to defendant's contention, we conclude that the police officer's first request for identification information from defendant, a passenger in a vehicle detained pursuant to a valid traffic stop, was reasonably related in scope to the traffic stop and was supported by an objective credible reason, i.e., the driver's inability to produce a valid driver's license (*see People v Jones*, 8 AD3d 897, 898, *lv denied* 3 NY3d 708; *see generally People v Hollman*, 79 NY2d 181, 185). The officer testified at the suppression hearing that he sought the information from defendant and another passenger in order to ascertain whether one of them was licensed to operate the vehicle. Upon learning that defendant gave him a false name, the officer warned defendant that, if he gave the officer a second false name, that would constitute the crime of false personation pursuant to Penal Law § 190.23. Contrary to defendant's contention, we conclude that the officer was entitled to issue that warning in conjunction with seeking defendant's correct name, pursuant to the officer's right to conduct a common-law inquiry pursuant to *People v De Bour* (40 NY2d 210, 223). The first false name provided by defendant gave the officer the "founded suspicion that criminality [was] afoot" required

for a common-law inquiry (*Hollman*, 79 NY2d at 185; *see People v Battaglia*, 86 NY2d 755, 756).  When defendant gave a second false name to the officer, the officer was justified in asking defendant to exit the vehicle at that time and in conducting a search of defendant's person pursuant to a lawful arrest for false personation (*see People v Johnson*, 71 AD3d 1521, *lv denied* 15 NY3d 775).

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court