# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

633

KA 08-02353

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

TERRY L. HOLMES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered August 11, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that County Court erred in refusing to suppress the gun that he discarded while fleeing from the police. We reject that contention. It is well settled that "a defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit" (*People v Sierra*, 83 NY2d 928, 929; *see People v Gray*, 77 AD3d 1308, 1308). Here, the police received a 911 call reporting that three black males were engaged in suspicious activity, i.e., they had emerged from behind the house of the caller's sister and entered a blue vehicle. The responding officer, who arrived at the scene within a few minutes of the call, observed defendant driving away in the vehicle described in the 911 call with two other black males. When the officer turned to follow defendant's vehicle in his marked police car, the vehicle abruptly swerved out of the driving lane and toward the curb. The passenger front door opened, the vehicle struck the curb and the two passengers jumped out of the vehicle as it rolled along the curb. At that point, the officer pulled behind the vehicle and activated his lights, whereupon defendant jumped out of the vehicle as it rolled and the

officer pursued defendant on foot.  Contrary to defendant's contention, we conclude that the information provided by the 911 caller, together with defendant's conduct in driving the vehicle into a curb, abandoning the moving vehicle and fleeing on foot in response to observing the marked police car, provided the officer with the requisite reasonable suspicion to pursue defendant (*see People v Martinez*, 59 AD3d 1071, 1072, *lv denied* 12 NY3d 856; *People v Johnson*, 19 AD3d 1163, 1164, *lv denied* 5 NY3d 829).

Contrary to defendant's further contention, the sentence is not unduly harsh or severe, particularly in light of his criminal history and the nature of the offense.

Entered:  June 8, 2012                              Frances E. Cafarell
                                                    Clerk of the Court