# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1371**
**KA 09-01307**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

TRAVONTAE MCKINLEY, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 18, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, County Court properly refused to suppress a handgun discarded by defendant while he was being pursued by a police officer, a controlled substance seized from his person following his arrest, and a postarrest showup identification. The officer who pursued defendant testified at the suppression hearing that the police received a 911 call reporting that shots had been fired near the intersection of East Fayette Street and Columbus Avenue in Syracuse. The information transmitted to the police indicated that four black males, at least one of whom was dressed in dark clothing, were reportedly involved in the incident. Within a minute and a half of the dispatch, the pursuing officer and two other police officers in an unmarked vehicle approached a group of four black males, one of whom was defendant, walking approximately one block from the scene of the alleged shooting. The police vehicle pulled up to the four individuals and, as the officers were exiting the vehicle, defendant and another male dressed in dark clothing fled in different directions. The officer who pursued defendant testified that he repeatedly yelled, "stop, police" while he was pursuing defendant. During the course of the pursuit, defendant discarded a handgun. The police thereafter apprehended defendant and, during a search incident to his arrest, discovered a bag containing cocaine. The witness who placed the 911

call then identified defendant as the shooter in a postarrest showup identification.

We conclude that, based upon defendant's physical and temporal proximity to the scene of the reported incident and the fact that the group of males matched the description of the individuals involved in the shooting, the officers had a founded suspicion that criminal activity was afoot, justifying their initial common-law inquiry of defendant (*see People v De Bour*, 40 NY2d 210, 223; *People v Brown*, 67 AD3d 1439, 1439-1440, *lv denied* 14 NY3d 798; *People v Williams*, 39 AD3d 1269, 1270, *lv denied* 9 NY3d 871). We further conclude that defendant's flight as the officers began to exit their vehicle and his continued flight in defiance of orders to stop furnished the requisite reasonable suspicion to justify a greater level of police intrusion (*see Williams*, 39 AD3d at 1270), i.e., police pursuit (*see People v Pines*, 99 NY2d 525, 526-527; *People v Sierra*, 83 NY2d 928, 929).

Defendant contends that the police lacked reasonable suspicion justifying pursuit because the record does not establish that defendant knew that the approaching individuals were police officers, citing *People v Riddick* (70 AD3d 1421, 1424, *lv denied* 14 NY3d 844). Even assuming, arguendo, that defendant's contention is preserved for our review, we conclude that it is without merit. Here, unlike in *Riddick*, the police were responding to a reported crime, and the police therefore had a founded suspicion that criminal activity was afoot before approaching defendant (*see id.* at 1422). Thus, under the circumstances of this case, including the report of shots fired and the fact that the four individuals matched the description of the individuals involved in the shooting incident, we conclude that defendant's flight from the officers and his refusal to stop after the officers explicitly identified themselves as police and he was directed to stop justified the pursuit of defendant (*see generally People v Bachiller*, 93 AD3d 1196, 1197, *lv dismissed* 19 NY3d 861; *Brown*, 67 AD3d at 1439-1440; *People v Martinez*, 59 AD3d 1071, 1072, *lv denied* 12 NY3d 856).

Because the record supports the determination of the suppression court that the police had reasonable suspicion to pursue defendant, defendant's abandonment of a handgun during the pursuit was not precipitated by illegal conduct and, thus, denial of suppression was proper (*see Sierra*, 83 NY2d at 930). The search of defendant's person, resulting in the seizure of the controlled substance sought to be suppressed, was incident to defendant's lawful arrest (*see Williams*, 39 AD3d at 1270), as was the postarrest identification of defendant.

Entered: December 28, 2012                     Frances E. Cafarell
                                               Clerk of the Court