# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**943**

**KA 09-02340**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

TERRANCE C. RAINEY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 18, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and unlawful possession of marihuana.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]), and unlawful possession of marihuana (§ 221.05).

Defendant contends that County Court erred in refusing to suppress evidence of his possession of drugs and his statement to the police inasmuch as the evidence and the statement were obtained as the result of an illegal pursuit by the police. At the suppression hearing, the People presented evidence that three police officers were on patrol near a multi-unit apartment building in Rochester at approximately 1:00 a.m. when they were approached by an unidentified male who told them that narcotics sales were occurring on the fourth floor. The officers entered the building and began climbing the stairs. When the officers reached the third floor, they saw a male, later identified as defendant, running down the fire escape. Defendant reentered the building on the second floor before exiting the building through the front door. The officers followed defendant as he jogged away from the building. After defendant jumped over a wall into a parking lot next to the building, he dropped a baggie containing drugs on the ground.

"[I]t is well settled that 'the police may pursue a fleeing defendant if they have a reasonable suspicion that defendant has committed or is about to commit a crime' " (*People v Cady*, 103 AD3d 1155, 1156; *see People v Martinez*, 80 NY2d 444, 446; *People v Riddick*, 70 AD3d 1421, 1422, *lv denied* 14 NY3d 844).  While flight alone is insufficient to justify pursuit, "defendant's flight in response to an approach by the police, *combined with other specific circumstances indicating that the suspect may be engaged in criminal activity*, may give rise to reasonable suspicion, the necessary predicate for police pursuit" (*People v Sierra*, 83 NY2d 928, 929 [emphasis added]; *see Cady*, 103 AD3d at 1156).  "Although 'a defendant who challenges the legality of a search and seizure has the burden of proving illegality, the People are nevertheless put to the burden of *going forward* to show the legality of the police conduct in the first instance' " (*People v Noah*, 107 AD3d 1411, 1413; *see People v Lazcano*, 66 AD3d 1474, 1475, *lv denied* 13 NY3d 940).  Furthermore, a defendant's attempt to discard evidence generally constitutes "an independent act involving a calculated risk" and, based on that act of abandonment, a defendant "los[es] his [or her] right to object to the [police seizing the evidence]" (*People v Holland*, 221 AD2d 947, 948, *lv denied* 87 NY2d 922 [internal quotation marks omitted]).  If, however, a defendant abandons evidence "in response to [an] illegal pursuit," it must be suppressed (*Sierra*, 83 NY2d at 930).  Here, the court refused to suppress the evidence and the statement on the ground that the police had probable cause to arrest defendant, but the court did not rule on the threshold issues whether the police engaged in a pursuit and, if so, whether that pursuit was legal, i.e., supported by a reasonable suspicion that defendant had committed or was about to commit a crime (*see id.* at 929).  If the pursuit was legal, then defendant abandoned the drugs as an "independent act involving a calculated risk" (*Holland*, 221 AD2d at 948), but if defendant abandoned the drugs "in response to [an] illegal pursuit" (*Sierra*, 83 NY2d at 930), then the drugs must be suppressed.  Inasmuch as "[w]e have no power to 'review issues either decided in an appellant's favor, or not ruled upon, by the trial court' " (*People v Coles*, 105 AD3d 1360, 1363, quoting *People v Concepcion*, 17 NY3d 192, 195), we cannot rule on those issues in the first instance.  We therefore hold the case, reserve decision and remit the matter to County Court to rule on those issues based on the evidence presented at the suppression hearing.

Entered:  October 4, 2013                          Frances E. Cafarell
                                                   Clerk of the Court