Whalen, J.
(dissenting). I respectfully dissent. In my view, the evidence at the suppression hearing does not support County Court’s conclusion that the police had probable cause to believe that defendant violated Vehicle and Traffic Law § 1227 (1). The stop of defendant’s vehicle therefore violated the constitutional protections against unreasonable seizures (US Const Fourth Amend; NY Const, art I, § 12), and the evidence obtained as the result of that stop should have been suppressed.
The determination of probable cause hinges upon the testimony of the police captain (then a lieutenant) who first observed defendant and, based upon his observations, directed other officers to stop defendant’s vehicle. Under the fellow officer rule, the officer who stopped defendant’s vehicle was “entitled to act on the strength of a radio bulletin . . . from a fellow officer . . . and to assume its reliability” (People v Lypka, 36 NY2d 210, 213 [1975]; see People v Rosario, 78 NY2d 583, 588 [1991], cert denied 502 US 1109 [1992]), and an “officer is deemed to act with probable cause when acting at the direction of another law enforcement officer who has the requisite probable cause” (People v Maldonado, 86 NY2d 631, 635 [1995]). Where, as here, a stop based upon a Vehicle and Traffic Law violation “is challenged by a motion to suppress, the prosecution bears the burden of establishing that the officer imparting the information had probable cause to act” (People v Ketcham, 93 NY2d 416, 420 [1999]; see People v Ramirez-Portoreal, 88 NY2d 99, 113-114 [1996]).
The People failed to meet that burden. Vehicle and Traffic Law § 1227 (1) prohibits the consumption or possession of an open container containing an alcoholic beverage in a motor vehicle on a public highway. The evidence at the suppression hearing failed to establish, however, that the police had probable cause to believe either that defendant consumed or possessed an open container or that the container contained an alcoholic beverage. At the suppression hearing, the captain testified that he observed defendant get into the driver’s seat of a vehicle, and he “saw the driver pick up a red can that appeared to be a forty-ounce beer can . . . , but [he] couldn’t tell . . . whether it was or it wasn’t.” The captain’s only explanation for his belief that the preposterously large red can contained beer was that beer comes in red 40-ounce cans. In addition, the captain’s only testimony concerning whether the can was open and whether he saw defendant drink from it was *1541 confusing at best. The captain was asked whether he “believed at the time that [he] saw the driver pick up an open can of alcohol and drink from it,” and he responded that he “thought that it was a good possibility that’s what it was, yeah.” The most reasonable interpretation of the captain’s response is that he “thought it was a good possibility” that the can contained alcohol, i.e., “that’s what it was.” In any event, considering the sum of the captain’s testimony concerning his observations, I conclude that defendant’s behavior was “susceptible of innocent as well as culpable interpretation,” and thus did not amount to probable cause to believe that defendant was violating Vehicle and Traffic Law § 1227 (1) (People v De Bour, 40 NY2d 210, 216 [1976]).
I agree with the majority that “[p]robable cause does not require proof to a mathematical certainty, or proof beyond a reasonable doubt” (People v Mercado, 68 NY2d 874, 877 [1986], cert denied 479 US 1095 [1987]). It does require, however, that based upon the facts before the captain, it was “at least more probable than not” that defendant was violating the open container law (People v Carrasquillo, 54 NY2d 248, 254 [1981]). The facts as recounted by the captain do not meet that standard, and I cannot agree with the majority that his unsubstantiated subjective belief that he observed a beer can warranted the intrusion into defendant’s liberty of movement. Indeed, the reasoning of the majority would support the conclusion that an officer’s observation of a clear glass bottle is sufficient to establish probable cause when combined with the officer’s subjective belief that the bottle contained vodka or gin, because vodka and gin are sold in clear glass bottles. “The basic purpose of the constitutional protections against unlawful searches and seizures is to safeguard the privacy and security of each and every person against all arbitrary intrusions by government” (De Bour, 40 NY2d at 217). Forcibly stopping a vehicle because the driver possessed a large red can strikes me as an arbitrary intrusion.
Finally, I note that the subsequent observation of an open beer can by the officer who stopped the vehicle cannot be considered in the probable cause determination, inasmuch as “[t]he police may not justify a stop by . . . subsequently acquired [probable cause] resulting from the stop” (id. at 215-216; see People v Bordeaux, 182 AD2d 1095, 1097 [1992], appeal dismissed 80 NY2d 915 [1992]). The People, therefore, failed to meet their burden of showing the legality of the police conduct in the first instance (see People v Berrios, 28 NY2d 361, 367 [1971]), and defendant’s suppression motion should *1542 have been granted (see People v Lazcano, 66 AD3d 1474, 1475 [2009], lv denied 13 NY3d 940 [2010]).
I would therefore reverse the judgment, vacate the guilty plea, grant that part of defendant’s omnibus motion seeking to suppress physical evidence, and dismiss the indictment (see People v Washburn, 309 AD2d 1270, 1271 [2003]). Present-Smith, J.P., Peradotto, Valentino, Whalen and DeJoseph, JJ.