# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**132**

**KA 14-00639**

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DENNIS BROWN, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (JOHN J. GILSENAN, OF THE PENNSYLVANIA AND MICHIGAN BARS, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered February 13, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We agree with defendant that his waiver of the right to appeal is invalid because "the minimal inquiry made by County Court [during the plea proceeding] was insufficient to establish that the court engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Williams*, 136 AD3d 1280, 1281, *lv denied* 27 NY3d 1141 [internal quotation marks omitted]). Further, to the extent that the purported waiver of the right to appeal was obtained at sentencing, it is not valid inasmuch as the court failed to obtain a knowing and voluntary waiver of that right at the time of the plea (*see People v Sims*, 129 AD3d 1509, 1510, *lv denied* 26 NY3d 935).

We reject defendant's contention that the court erred in refusing to suppress physical evidence, i.e., cocaine, as the fruit of an allegedly unlawful approach and pursuit of defendant by the police. Here, the evidence adduced at the suppression hearing established that, after having a confidential informant conduct multiple controlled purchases of cocaine from the target of an investigation at a residence in Syracuse and making other observations that were indicative of illegal drug transactions, the police obtained valid

search warrants for the target and the residence.  While conducting
further surveillance of the residence just prior to the execution of
the warrants by other officers, an experienced detective observed the
target and another man sitting in lawn chairs in the front yard with a
third man standing nearby, and then observed a hand-to-hand
interaction that the detective believed was a drug transaction between
the third man and another individual who had approached the residence.
Approximately 20 to 25 minutes after the detective reported her
observations to them, officers wearing vests marked "police" pulled up
to the residence in their vehicles to execute the warrants and
observed two men, including the target, sitting in lawn chairs and a
third man, later identified as defendant, standing nearby.  Defendant
immediately ran away, was pursued by certain officers and, upon
colliding with one officer, he threw away a piece of knotted plastic
that was subsequently seized and determined to contain cocaine.

It is well established that, "[i]n evaluating police conduct, the
court must determine whether the action taken was justified in its
inception and at every subsequent stage of the encounter" (*People v
Nicodemus*, 247 AD2d 833, 835, *lv denied* 92 NY2d 858; *see People v De
Bour*, 40 NY2d 210, 215).  We reject defendant's contention that the
court erred in concluding that the police had a founded suspicion that
criminal activity was afoot when they arrived at the scene.
Defendant's physical and temporal proximity to both the residence and
the target—each the subject of a valid search warrant issued following
police investigation into illegal drug activities—as well as the
reported observations of the experienced detective of a possible hand-
to-hand drug transaction, provided the officers with founded suspicion
that criminal activity was afoot, which was sufficient to justify even
a level two intrusion under *De Bour* (*see People v McKinley*, 101 AD3d
1747, 1748, *lv denied* 21 NY3d 1017; *People v Chin*, 25 AD3d 461, 462,
*lv denied* 6 NY3d 846; *see generally People v Jones*, 90 NY2d 835, 837).

Contrary to defendant's further contention, the court properly
determined that the officers were justified in pursuing him when he
fled from the residence.  "[I]t is well settled that the police may
pursue a fleeing defendant if they have a reasonable suspicion that
defendant has committed or is about to commit a crime" (*People v
Rainey*, 110 AD3d 1464, 1465 [internal quotation marks omitted]).
While flight alone is insufficient to justify pursuit, "defendant's
flight in response to an approach by the police, *combined with other
specific circumstances indicating that the suspect may be engaged in
criminal activity*, may give rise to reasonable suspicion, the
necessary predicate for police pursuit" (*People v Sierra*, 83 NY2d 928,
929 [emphasis added]; *see Rainey*, 110 AD3d at 1465).  Here,
defendant's immediate flight upon the arrival of the officers,
combined with the search warrants and the detective's observations
indicating that defendant may have been engaged in criminal activity,
furnished the requisite reasonable suspicion to justify the officers'
pursuit of defendant (*see McKinley*, 101 AD3d at 1748-1749; *People v
Gray*, 77 AD3d 1308, 1308-1309).

Finally, we note that "a defendant's attempt to discard evidence

generally constitutes 'an independent act involving a calculated risk' and, based on that act of abandonment, a defendant 'los[es] his [or her] right to object to the [police seizing the evidence]' " (*Rainey*, 110 AD3d at 1466).  Inasmuch as defendant's abandonment of the piece of knotted plastic containing cocaine during the pursuit was not precipitated by illegal police conduct, defendant had no right to object to the officers' seizure of that evidence, and denial of defendant's motion to suppress was therefore proper (*see Sierra*, 83 NY2d at 930).

Entered:  March 24, 2017                          Frances E. Cafarell
                                                  Clerk of the Court