People v Lloyd (2019 NY Slip Op 06798)





People v Lloyd


2019 NY Slip Op 06798


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-13455
 (Ind. No. 2257/15)

[*1]The People of the State of New York, respondent,
v
Joseph Lloyd, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered November 16, 2016, convicting him of criminal possession of a weapon on school grounds and menacing in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the record (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant was not deprived of the right to the effective assistance of counsel. Viewing the record as a whole, we find that the defendant was provided with meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147). Moreover, trial counsel's failure to move to suppress certain physical evidence based on an allegedly illegal police pursuit did not constitute ineffective assistance of counsel since such a motion had little to no chance of success (see People v Carver, 27 NY3d 418, 420-421; People v Rivera, 71 NY2d 705, 709; People v McKinley, 101 AD3d 1747, 1748; People v Argyris, 99 AD3d 808, 810, affd 24 NY3d 1138).
The defendant's contention that the police conducted an unlawful warrantless search of the bag he was carrying when he was arrested is without merit. The defendant's contention that certain other physical evidence should have been suppressed is unpreserved for appellate review since the defendant did not seek that relief in the County Court, and we decline to review it in the exercise of our interest of justice jurisdiction.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court