People v Johnson (2020 NY Slip Op 07803)





People v Johnson


2020 NY Slip Op 07803


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1155 KA 15-02071

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PERRY C. JOHNSON, JR., DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered October 22, 2015. The judgment convicted defendant upon a plea of guilty of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]). He contends that his waiver of the right to appeal is invalid and that the court erred in denying that part of his omnibus motion seeking to suppress physical evidence.
Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our consideration of his suppression contention (see People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]; see generally People v Goodwin, 147 AD3d 1352, 1352 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]), we conclude that the judgment should be affirmed. The evidence at the suppression hearing established that the testifying police officer learned from a dispatch broadcast over the police radio about a nearby gunpoint robbery resulting in the theft of a motor vehicle. The dispatch specifically described the stolen vehicle as "an older model, [a] black and red [Chevrolet] [S]uburban." Shortly after receiving the dispatch, the officer traveled toward the site of the robbery and passed a parked vehicle that matched the stolen vehicle's description. As the officer turned around to investigate, the other vehicle started to drive away. The officer followed the vehicle but did not yet activate his emergency lights or attempt to stop the vehicle. When the vehicle pulled over to the side of the road, the driver, i.e., defendant, exited and started to walk away. When the officer exited his vehicle and told defendant to stop, defendant started to run away. The officer pursued defendant on foot and eventually caught up with him. He commanded defendant to get down on the ground, defendant complied, and the officer arrested him.
We conclude that the officer's conduct was justified in its inception and at every subsequent stage of the encounter leading to defendant's arrest (see generally People v De Bour, 40 NY2d 210, 222-223 [1976]). The officer had reasonable suspicion to briefly detain defendant based on his presence in a vehicle matching the description of the stolen vehicle provided by the dispatch, the proximity of the vehicle to the location of the reported robbery, and the fact that the stop occurred close in time to the robbery (see People v Murray, 170 AD3d 1650, 1651 [4th Dept 2019], lv denied 33 NY3d 1107 [2019]; People v Torres, 167 AD3d 665, 666 [2d Dept 2018], lv denied 32 NY3d 1210 [2019]; People v Young, 68 AD3d 1761, 1761 [4th Dept 2009], lv denied 15 NY3d 780 [2010]).
Even assuming, arguendo, that the officer possessed no more than a founded suspicion that criminal activity was afoot at the time he initially encountered defendant and instructed him [*2]to stop (see De Bour, 40 NY2d at 223; People v Atkinson, 185 AD3d 1438, 1439 [4th Dept 2020], lv denied 35 NY3d 1092 [2020]; People v Brown, 67 AD3d 1439, 1439-1440 [4th Dept 2009], lv denied 14 NY3d 798 [2010]), we conclude that the officer developed "the requisite reasonable suspicion to pursue and detain [defendant] based on the combination of the abovementioned specific circumstances indicating that defendant may have been engaged in criminal activity and his [immediate] flight in response to the approach by the officer[]" (Atkinson, 185 AD3d at 1439; see People v Parker, 32 NY3d 49, 56-57 [2018]; People v Harmon, 170 AD3d 1674, 1675 [4th Dept 2019], lv denied 34 NY3d 932 [2019]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court